## *In re* AH TOY.

(*Circuit Court, N. D. California.* January 26, 1891.)

1. HABEAS CORPUS—RETURN—SUFFICIENCY—CITY ORDINANCES.

A return to the writ of *habeas corpus* by the chief of police of a city, stating that petitioner is held by virtue of a warrant of the police court wherein petitioner had been convicted of visiting a house of ill fame, and sentenced to imprisonment, is not demurrable for failure to state the ordinance under which he was convicted, when such ordinance was set out in the petition.

2. MUNICIPAL ORDINANCES—VALIDITY—DISORDERLY HOUSES—LAUNDRIES.

The fact that a section of a city ordinance relating to laundries has been adjudged void does not affect the validity of another section of the same ordinance which prohibits the keeping of houses of ill fame and the frequenting thereof.

*Habeas Corpus.*

*Alfred Clarke,* for petitioner.

HAWLEY, J. The return to the writ states that petitioner is held in custody by the chief of police of the city and county of San Francisco under and by virtue of a commitment regularly issued from the police court of said city and county, stating that petitioner had been duly convicted of a misdemeanor in visiting a house of ill fame, and sentenced to pay a fine, with the alternative of imprisonment. The return does not state under what particular ordinance petitioner was convicted, and petitioner therefore claims that the facts stated in the return are not sufficient to justify his imprisonment. The petition for the writ alleges that petitioner is in custody for a supposed violation of section 33 of order 1587 of the board of supervisors, and claims that he is entitled to his discharge upon the ground that said order is null and void. Upon the hearing before the commissioner, to whom this matter was referred, it was shown by petitioner that he was convicted of a violation of order 1955, "amendatory of section 33 of order 1587, prohibiting disorderly houses, houses of ill fame, and places for the practice of gambling." This amendatory order expressly provides that it shall be unlawful for any person to "become an inmate of, or a visitor to, * * * any * * * house of ill fame." It therefore affirmatively appears that the defects complained of in the return were supplied by the allegations of the petition and proofs offered by petitioner. The demurrer to the return is overruled.

The contention of petitioner's counsel, that order 1587 had been declared null and void by the supreme court of the United States in the cases of *Yick Wo* v. *Hopkins,* and *Woo Lee* v. *Hopkins,* 118 U. S. 356, 6 Sup. Ct. Rep. 1064, is utterly devoid of merit. The fact that section 68 of order 1587, relating exclusively to maintaining and carrying on laundries, has been declared invalid, in no respect impairs the validity, force, or effect of other sections of the order, relating to entirely separate, independent, and distinct subjects. The legal principles announced by the supreme court in the *Laundry Cases* have no application to a case like this. *In re Ah Kit, ante,* 793, (recently decided;) *In re Christensen,* 11 Sup. Ct. Rep. 13.

The petitioner is remanded.